

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0256-21

### VICTOR ORTIZ GONZALEZ, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

*Per curiam*.

## O P I N I O N

A jury convicted appellant of the following offenses in two cases tried together and

arising out of a single criminal episode: aggravated assault of a public servant and evading

arrest or detention. Appellant was sentenced to forty-five and twenty years, respectively, and

also assessed fines of $10,000 in each case. The trial court ordered the fines to run

concurrently.

On appeal, appellant claimed that he is not responsible for paying both fines and the

court of appeals should delete one of them. The court of appeals agreed and  deleted the fine

from the judgment in the evading arrest case. *Gonzalez v. State*, No. 02-18-00179-CR, slip op. at 1-2 (Tex. App.–Fort Worth March 11, 2021)(not designated for publication).

The State has filed a petition for discretionary review of this decision, contending that concurrent fines are to be treated as a unitary fine, equally discharged when paid, and that it was error to delete one of them. We recently addressed this issue in *Anastassov v. State*, No. PD-0848-20, slip op. (Tex. Crim. App. Oct. 5, 2022). There, we observed that "where multiple fines are assessed in a same-criminal-episode prosecution and they are ordered to be discharged concurrently, they discharge in the same manner as concurrent terms of confinement – the defendant pays the greatest amount of fine but receives credit for satisfying all of the multiple concurrent fines." *Id.* at 10. In light of these principles, the Court held that the court of appeals erred by deleting one of the lawfully assessed fines from the judgment. *Id.* at 10-12.

The Court of Appeals in the instant case did not have the benefit of our opinion in *Anastassov.* Accordingly, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals for reconsideration in light of our opinion in *Anastassov.*

Delivered November 16, 2022
Do Not Publish